**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
JUDITH CUSATO

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JUDITH CUSATO,<br><br>        Plaintiff,<br><br>vs.<br><br>CHRYSLER CAPITAL, PAR NORTH AMERICA, LIGHTNING RECOVERY, INC. AND DOES 1 – 10, inclusive.<br><br>        Defendants. | Case No.: 2:22-cv-4669<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>2. **THE FAIR DEBT COLLECTION PRACTICES ACT;**<br>3. **BUSINESS & PROFESSIONS CODE § 17200 ET. SEQ.**<br>4. **CONVERSION;**<br>5. **TRESPASS TO CHATTELS;**<br>6. **UNJUST ENRICHMENT;**<br>7. **ELDER ABUSE;**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>INTRODUCTION</u>

1.      JUDITH CUSATO (Plaintiff) brings this action to secure redress from Defendants Chrysler Capital (hereinafter "Chrysler Capital"), Par North America

1  (hereinafter "Par North America") for violations of the Rosenthal Fair Debt

2  Collection  Practices Act ("RFDCPA"), the Fair Debt Collection Practices Act

3  ("FDCPA"), Conversion, Trespass to Chattels, Unjust Enrichment, and Elder

4  Abuse.

5  **JURISDICTION AND VENUE**

6      2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as

7  Plaintiff's claims arise under the laws of the United States.

8      3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)

9  because the acts and transactions alleged in this Complaint occurred here, Plaintiff

10 resides here, and Defendant transacts business here.

11 **PARTIES**

12     4.      Plaintiff is a natural person over the age of 18 years and is a resident

13 the Calabasas, California.   Plaintiff is a "consumer" as defined by the FDCPA, 15

14 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

15     5.      Defendant Chrysler Capital is a business entity headquartered in

16 Forth Worth, TX.  At all relevant times herein, Chrysler Captial was a company

17 engaged, by use of the mails and telephone, in the business of collecting a debt

18 from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code

19 §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due by

20 another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ.

21 Code §1788.2(c).

22     6.      Defendant Par North America is an Indiana corporation with its

23 headquarters located in Carmel, Indiana.  At all relevant times herein, Defendant

24 Par North America was a company engaged, by use of the mails and telephone, in

25 the business of collecting a debt from Plaintiff which qualifies as a "debt," as

26 defined by 15 U.S.C. § 1692a(5), and a "consumer debt," as defined by Cal. Civ.

27 Code §1788.2(f).  Defendant Par North America regularly attempts to collect debts

28

1   alleged to be due by another, and therefore is a "debt collector" as defined by the
2   FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

3       7.      Defendant Lightning  Recovery, Inc. is a California corporation with
4   its principal place of business located in Oxnard, CA.   Defendant Lightning
5   Recovery, Inc.  is a full-service repossession agency licensed by the State of
6   California.  At all relevant times herein, Defendant Lightning  Recovery, Inc.  was
7   a company engaged, by use of the mails and telephone, in the business of collecting
8   a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5),
9   and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).   Defendant
10  Lightning  Recovery, Inc. regularly attempts to collect debts alleged to be due by
11  another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C.
12  §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

13      8.      Plaintiff does not know the true names and capacities, whether
14  corporate, partnership, associate, individual or otherwise, of Defendants sued herein
15  as Does 1 through 10, inclusive, and therefore names said Defendants under
16  provisions of Section 474 of the California Code of Civil Procedure.

17      9.      Plaintiff is informed and believes, and on that basis allege that
18  Defendants Does 1 through 10 are in some manner responsible for acts, occurrences
19  and transactions set forth herein and are legally liable to Plaintiffs.

20      10.     Defendants acted through its agents, employees, officers, members,
21  directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,
22  representatives and insurers.

23      11.     Plaintiff is informed and believes and on that basis alleges that
24  Defendants is responsible for the acts, occurrences and transactions as officers,
25  directors or managing agents of Defendants, or as their agents, servants, employees,
26  and that each of them are legally liable to Plaintiff, as set forth below.

27      12.     Plaintiff is informed and believes, and thereon alleges, that each and
28

all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

13.    Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

14.    At all relevant times, Defendants ratified each and every act or omission complained of herein.  At all relevant times, Defendants, aided and abetted the acts and omissions as alleged herein.

## FACTUAL ALLEGATIONS

15.    In 2018, Plaintiff secured auto financing from Defendant Chrysler Capital related to a 2018 Jeep Grand Cherokee.

16.    Notwithstanding the fact that Plaintiff timely made all payments as required under her automobile finance contract, and was not in default under the terms of said contract, on February 17, 2022, at approximately 7:20 a.m., Defendants wrongfully caused the 2018 Jeep Grand Cherokee to be repossessed.

17.    As soon as the vehicle was repossessed, Plaintiff immediately reached out to Chrsyler Capital and to the Rydell Jeep Dealership in Van Nuys where Plaintiff leased her vehicle.

18.    On February 25, 2022, Plaintiff wired the payment for the Jeep Cherokee end of lease buyout amount of $ 21,671.42 to the Rydell Jeep Dealership. Once Plaintiff arrived at the Rydell Jeep Dealership in person to sign all the

ownership/DMV registration paperwork, Plaintiff also paid an additional $ 150.00 to complete Plaintiff's purchase of the Subject Vehicle in full.

19.   On February 28, 2022, the Rydell Jeep Dealership forwarded Plaintiff's payment to Defendant Chrsyler Capital.  Notwithstanding, Plaintiff did not receive the vehicle she had purchased from Chryler Capital.

20.   Plaintiff thereafter made numerous calls to Defendant Chrysler Capital to attempt to secure the Jeep's release, but the Jeep now owned was not released or provided to Plaintiff.   Plaintiff made numerous follow-up telephone calls to Chrysler Capital, Par North America and Lightning  Recovery, Inc. on a frequent basis to attempt to secure her vehicle's release but she was summarily ignored and given the run around.  Plaintiff was only connected through to the collections departments or repossession departments, who were not responsive to Plaintiff. Additionally, Plaintiff could never get ahold of anyone in Defendant's corporate departments.

21.   Finally, it was reported to Plaintiff from a representative from the Rydell Jeep Dealership that Defendant Par North America, at the direction of Chrysler Capital, mistakenly took Plaintiff's Jeep to auction on March 14, 2022.

22.   However, after numerous further telephone calls and demands by Plaintiff and the Rydell Dealership to the Defendants, Plaintiff's Jeep was retrieved and was finally released back to Plaintiff on April 13, 2022.  At this point, Plaintiff, a 78 year-old woman, had been without a car for nearly two months.  She was not able to go to the grocery store or to travel with her car for appointments for that entire nearly two-month period.  Instead, for a nearly two month period, the Defendants: ignored Plaintiff's numerous pleas and demands to release her vehicle; gave her the runaround and referred her from non-responsive department after non-responsive department, took and sat on the $ 22,000.00 she paid for her Jeep, and wrongfully withheld and deprived her of the vehicle she had purchased, leaving her

dispossessed of transportation.

23.     To Plaintiff's further great dismay, when Plaintiff's vehicle was finally released back to her on April 13, 2022 by the Defendants, Plaintiff discovered that her Jeep had been damaged while exclusively in the possession, custody and control of the Defendants.  There was a substantial dent inflicted to the driver's side door that was not there prior to the repossession, as well as a dent to the passenger bumper and damage to the rear brake light.  Plaintiff has obtained an estimate for the damage inflicted to Plaintiff' vehicle by the Defendants, while in the possession, custody and control of the Defendants totalling approximately $ 1,500.00.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

**(Against All Defendants)**

24.     Plaintiff reincorporates by reference paragraphs 1 through 15 as if fully written herein.

25.     Section 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

26.     Defendants' conduct violated the RFDCPA in multiple ways, including but not limited to:

a.     Unlawfully repossessing Plaintiff's vehicle (§ 1692(f)(6));

b.     False or misleading representations in communications with respect to the Character, amount, or legal status of the alleged debt (§ 1692e(2));

c.     Any false, deceptive, or misleading representation or means in connection with the debt collect (§ 1692e.)

d.     Engaging in conduct of which the abuse or harassment is the natural consequence of Plaintiff (§ 1692d); and

e.      Placing constant and continuous calls to Plaintiff, in connection with the collection of the debt, with the intent to abuse harass or annoy Plaintiff (§1692d(5)).

27.     As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.)
### (Against All Defendants)

28.   Plaintiff reincorporates by reference paragraphs 1 through 15 as if fully written herein.

29.   Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

30.   Plaintiff is entitled to $1,000 in statutory damages against Defendant pursuant to 15 U.S.C. § 1692k.  Defendant committed his violations willfully and knowingly, and has frequently and persistently failed to comply with the FDCPA. The nature of defendant's violations justifies the maximum statutory damages award available.

31.   Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

## THIRD CAUSE OF ACTION
## VIOLATION OF BUSINESS & PROFESSIONS CODE 17200 ET.

**SEQ.**

**(Against All Defendants)**

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Plaintiff and Defendants are each "persons" as defined by BPC 17201. BPC 17204 authorizes a private right of action.

34.     "Unfair competition" is defined by BPC 17200 as encompassing several types of business "wrongs," including: 1) "unlawful" acts or practices; 2) "unfair" acts or practices; and 3) "fraudulent" acts or practices.

35.     Plaintiff has suffered economic injury in that due to Defendants' actions, Plaintiff lost her right to possess, use and enjoy the vehicle as well as expend sums of money securing alternative transportation for her daily life and activities.

36.     By and though Defendants' conduct as alleged herein, including conduct violative of the FDCPA and the RFDCPA, Defendants' conduct constitutes "unlawful" and/or "unfair" acts or practices in violation of BPC 17200.

**FOURTH CAUSE OF ACTION**

**CONVERSION**

**(Against All Defendants)**

37.     Plaintiff reincorporates by reference paragraphs 1 through 19 as if fully written herein.

38.     Without Plaintiff's consent, Defendant intentionally deprived Plaintiff of his rightful possession of the Vehicle.

39.     At all times relevant hereto, Defendant acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of Plaintiff.

40.     As a proximate result of Defendant's actions, Plaintiff was deprived of his vehicle, incurred expense for alternate transportation, and has suffered extreme embarrassment, shame, anxiety, and mental distress.

**FIFTH CAUSE OF ACTION**

**TRESPASS TO CHATTELS**

**(Against All Defendants)**

41.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

42.    Plaintiff purchased the vehicle for valuable consideration, and possessed sole and clear title to the vehicle at all times relevant.

43.    Defendants unlawfully took possession of the vehicle without Plaintiff's consent and without legal interest in the vehicle.

44.    Consequently, Defendants' improper and unlawful taking of Plaintiff's vehicle is a direct interference with Plaintiff's possession, use and enjoyment of his personal property and Plaintiff was entitled to return of said property.

**SIXTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(Against All Defendants)**

45.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

46.    Plaintiff purchased the vehicle for valuable consideration.

47.    Defendants unlawfully took possession of the vehicle without Plaintiff's consent and without legal interest in the vehicle due to Plaintiff' timely payments and the lease payoff.

48.    Consequently, Defendants' improper and unlawful taking of Plaintiff's vehicle has unjustly enriched Defendants, and Plaintiff is entitled to restitution of such.

**SEVENTH CAUSE OF ACTION**

**(Elder Abuse)**

49.    Plaintiff hereby incorporates by reference each of the paragraphs set forth above as though fully set forth hereinafter.

50.    This cause of action is brought pursuant to California Welfare &

Institutions Code sections 15600 et seq. (The Elder Abuse and Dependent Adult Protection Act).

51.    At the time of Defendant's actions in   first wrongfully taking/repossessing Plaintiff's vehicle and then depriving her of her vehicle for nearly two months, Plaintiff was 78 years old. She was an "elder" as defined by Welfare & Institutions Code section 15610.27 and is, therefore, entitled to the statutory protections from abuse provided by Welfare & Institutions Code sections 15610.07. Defendants knew Plaintiff was an elder.

52.    By their actions, Defendants are responsible for elder abuse because their treatment of Plaintiff, as described above, resulted in physical harm and mental suffering and financial abuse in violation of Welfare & Institutions Code § 15610.07(a) and Plaintiff is entitled to the remedies provided by the Elder Abuse Act.

53.    As a legal result of Defendants' conduct, Plaintiff has suffered damages, including general and economic damages, including mental distress, in an amount according to proof at trial.

54.    Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this litigation. Plaintiff, if successful in this action, is entitled to recover such fees and costs from Defendant, under the provisions of Welfare and Institutions Code Section 15657.5(a).

55.    In committing the actions and conduct described above, Defendants, and each of them, acted with recklessness, oppression, fraud, and malice, and Plaintiff is therefore is entitled to an award of exemplary or punitive damages pursuant to Welfare and Institutions Code Section 15657.5 and Civil Code Section 3294 and treble damages pursuant to Civil Code Section 3345.

1
2
3
**DEMAND FOR JURY TRIAL**
4
Please take notice that Plaintiff's demands a trial by jury in this action.
5
RESPECTFULLY SUBMITTED,
6
Dated: July 8, 2022                    **MARTIN & BONTRAGER, APC**
7
8
By: /s/ G. Thomas Martin, III
9
G. Thomas Martin, III
*Attorneys for Plaintiff*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28